Kathleen **KIRKEBY**, David Habiger, Ronald Shaw, Martin Wishnatsky, Timothy Lindgren, and Darold Larson, Plaintiffs,

v.

Bruce **FURNESS**, in his official capacity as Mayor of the City of Fargo, Garylle B. Stewart, in his official capacity as City Attorney of the City of Fargo, the Fargo City Commission, and the City of Fargo, Defendants.

Civ. No. A3–93–93.

United States District Court, D. North Dakota, Southeastern Division.

Sept. 29, 1995.

Walter M. Weber American Center for Law & Justice, Washington, DC, Peter B. Crary, Fargo, ND, for Plaintiffs.

Wayne O. Solberg, Solberg, Stewart, Boulger & Miller, Fargo, ND, for Defendants.

## *O R D E R*

WEBB, Chief Judge.

This civil action under 42 U.S.C. § 1983 challenged the constitutionality of various sections of Fargo's residential picketing ordinance. The court granted plaintiffs' motion for a permanent injunction and a declaratory judgment on July 18, 1995. Before the court is plaintiffs application for attorney fees (doc. # 70). Defendants oppose the application (doc. # 77).

### *DISCUSSION*

Congress has provided that

[i]n any action or proceeding to enforce a provision of ... [42 U.S.C. § ] 1983, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 428, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citations omitted). "Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id.* (quoting S.Rep. No. 94–1011, p. 4 (1976), U.S.Code Cong. & Admin.News 1976, p. 5912).

Defendants apparently do not contest whether or not attorney's fees should be awarded but that the proposed fees are excessive. They also argue that because a notice of appeal has been taken to the Eighth Circuit Court of Appeals, a determination and imposition of fees should be deferred until the conclusion of the litigation. The court agrees.

The court is not now in a position to award attorney's fees as the issues are not finally resolved. The court is mindful of the fact that it has entered judgment in favor of the plaintiffs and has determined that the targeted residential picketing (§§ 10–0801(4)(A) & (B), and 10–0802) and restricted picketing zone (§ 10–0804) provisions of the Fargo ordinance are unconstitutional and that it has enjoined enforcement of the same. In the court's view, however, the issues are not resolved. There is an appeal pending and a ruling, either way, may very well lead to further litigation between the parties.

The court notes the reluctance on the part of the defendants to craft an acceptable ordinance pursuant to recent United States Supreme Court decisions. The court remains convinced that Fargo's efforts to craft an ordinance that prohibits targeted residential picketing are appropriate. However, while the waters in this sea of first amendment issues continue to be treacherous to navigate, the City must take heed of the guidance provided by the Supreme Court decisions. This, too, will be given consideration by the court and is another reason the court does not feel now is an appropriate time to award fees.

**THEREFORE,** at the present time, the application for an award of attorney's fee is **DENIED.** Plaintiffs are free to resubmit the application, with appropriate changes if necessary, at the conclusion of the litigation. The parties have submitted a stipulated bill of costs and disbursements, which includes $120.00 filing fee and $105.00 filing fee for appeal. These stipulated items totalling $225.00 are hereby awarded to plaintiffs.

**IT IS SO ORDERED.**